UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NATALIE KNOX, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) No. 1:22-cv-00215-JMS-TAB |
| | ) |
| VOLUNTEERS OF AMERICA OF INDIANA, INC, | ) |
| | ) |
| | ) |
| *Defendant*. | ) |

**ORDER**

*Pro Se* Plaintiff Natalie Knox seeks recovery for alleged race and disability discrimination and retaliation from her former employer, Defendant Volunteers of America of Indiana, Inc. ("VOAIN"), pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et. seq.*; and 42 U.S.C. § 1981. [Filing No. 1 at 2-3.] VOAIN has filed a Motion to Dismiss, which seeks dismissal of each of Ms. Knox's claims pursuant to Fed. R. Civ. P. 12(b)(6). [Filing No. 12.] VOAIN's Motion is now ripe for the Court's review.

**I.**
**STANDARD OF REVIEW**

Under Rule 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007.)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635

1

F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570). The Court may not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz,* 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### BACKGROUND

The following factual allegations are set forth in Ms. Knox's Complaint, [Filing No. 1], which the Court must accept as true at this time.

### A.     Ms. Knox's Employment by VOAIN

Ms. Knox is an African American female who has lupus, asthma, and chronic pain. [Filing No. 1 at 1.] In May of 2021, Ms. Knox was hired by VOAIN. [Filing No. 1 at 1.] During her interview with VOAIN and during the course of her employment, Ms. Knox informed VOAIN of her health conditions. [Filing No. 1 at 2.] While employed by VOAIN, Ms. Knox performed her employment duties in a satisfactory manner and was never disciplined or written up. [Filing No. 1 at 2.]

In June of 2021, Ms. Knox told her supervisor that she believed that she was being "targeted" by her coworkers due to her disabilities. [Filing No. 1 at 2.] Specifically, Ms. Knox asserts that she was "scrutinized" and "criticized" by her coworkers for miscounting medication,

even though an investigation by her supervisor revealed that Ms. Knox had been following VOAIN's protocol. [Filing No. 1 at 2.]

On July 7, 2021, Ms. Knox began feeling ill due to her chronic pain and requested permission from her supervisor to leave work early, which was granted. [Filing No. 1 at 2.] As Ms. Knox was preparing to leave, she was informed that she must remain at work because a non-disabled employee also wanted to leave. [Filing No. 1 at 2.] Ms. Knox expressed her frustration to VOAIN management because "the non-disabled employee had called off numerous times and had multiple no-call no-shows and was still allowed to leave early." [Filing No. 1 at 2.]

On July 10, 2021, a VOAIN supervisor notified Ms. Knox that she was investigating the July 7 early dismissal incident. [Filing No. 1 at 2.] While Ms. Knox was on the phone with the supervisor, another employee yelled, "if it was up to me[,] you would've been gone last week." [Filing No. 1 at 2.] Ms. Knox was informed that she was being placed on administrative leave pending the investigation results. [Filing No. 1 at 3.]

On July 16, 2021, Ms. Knox was terminated for raising her voice. [Filing No. 1 at 3.] However, Ms. Knox claims that she never raised her voice. [Filing No. 1 at 3.] Ms. Knox claims that other similarly situated but non-disabled VOAIN employees have "engaged in conduct of comparable seriousness, such as not showing up to work, but have not been terminated." [Filing No. 1 at 3.]

**B.    Ms. Knox's EEOC Charge**

On July 27, 2021, Ms. Knox filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").[1] [Filing No. 13-1.] In her EEOC charge, Ms. Knox describes substantially similar allegations as those set forth in her Complaint. [Filing No. 13-1 at 1.] While Ms. Knox notes in her EEOC charge that she is "an African American woman who suffers from a disability," she does not include any additional allegations related to her race. [Filing No. 13-1 at 1.] Additionally, Ms. Knox checked the boxes on the EEOC form indicating that she alleges that she experienced discrimination based on disability and retaliation. [Filing No. 13-1 at 1.]

**C.    This Lawsuit**

On January 28, 2022, Ms. Knox filed her Complaint asserting claims for discrimination and retaliation under Title VII, Section 1981, and the ADA. [Filing No. 1 at 3-4.] When the Complaint was filed, Ms. Knox was represented by counsel. [Filing No. 1.] On April 1, 2022, VOAIN moved to dismiss each of Ms. Knox's claims pursuant to Rule 12(b)(6). [Filing No. 13.]

On April 18, 2022, Ms. Knox's counsel requested leave to withdraw her appearance, asserting that "there has been a breakdown of the attorney-client attorney relationship and representation is no longer possible." [Filing No. 14.] Ms. Knox simultaneously requested a twenty-one-day extension to respond to VOAIN's Motion because she required additional time to secure new counsel. [Filing No. 15]

---

[1] Ms. Knox did not attach her EEOC charge to her Complaint, however, VOAIN attached the EEOC charge to its Motion to Dismiss. [Filing No. 13-1.] Because her EEOC charge is central to Ms. Knox's Complaint, it may be considered by the Court without converting VOAIN's Motion to Dismiss into a Motion for Summary Judgment. *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014). Further, "[i]f the appended document, to be treated as part of the complaint . . . reveals facts which foreclose recovery as a matter of law, dismissal is appropriate." *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) (quoting *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)).

The Court granted Ms. Knox's request for additional time which extended her response deadline to May 13, 2022. [Filing No. 17.] On April 28, 2022, the Court held an *ex parte* telephonic status conference to address Ms. Knox's counsel's request to withdraw. [Filing No. 21.] During the conference, the Court granted the Motion to Withdraw and stayed the deadline for Ms. Knox to respond to VOAIN's Motion until a scheduled May 23, 2022 telephonic initial pretrial conference. [Filing No. 21.]

On May 23, 2022, Ms. Knox, continuing to represent herself *pro se*, failed to appear for the telephonic initial pretrial conference until she was contacted by the Court. [Filing No. 23.] During the conference, the Court again extended Ms. Knox's deadline to respond to VOAIN's Motion to June 8, 2022 but advised her that **"this is a firm deadline and the Court does not anticipate extending this deadline again, regardless of whether [she] retains counsel."** [Filing No. 23 (emphasis original).]

Ms. Knox has yet to file a response to VOAIN's Motion, and her extended time to do so has now passed.

### III.
### DISCUSSION

The Court will first discuss the impact of Ms. Knox's failure to respond to VOAIN's Motion before turning to the substance of VOAIN's dismissal arguments.

### A. Ms. Knox's Failure to Respond

The Seventh Circuit has explained that a party forfeits an argument by failing to present the argument before the Court. See *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011). With respect to a motion to dismiss, failure to respond constitutes a waiver of one's right to contest dismissal. *Id.* at 719; *Lee v. Ne. Illinois Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1052 (7th Cir. 2019) (plaintiff's failure to respond to defendant's motion to dismiss constituted a waiver of

5

their opportunity to oppose dismissal); *McMasters v. U.S.*, 260 F.3d 814, 818 (7th Cir. 2001) (a party's *pro se* status does not excuse a failure to comply with procedural rules). Moreover, the Local Rules for the Southern District of Indiana provide that the Court "may summarily rule on a motion if an opposing party does not file a response within the deadline." S.D. Ind. Local Rule 7-1(c)(5).

Because Ms. Knox has failed to present any argument in response to VOAIN's Motion to Dismiss, despite having been given multiple extensions to respond, the Court finds that any response is now waived. Therefore, the Court **GRANTS** VOAIN's Motion to Dismiss. Nevertheless, in light of Ms. Knox's *pro se* status and because the Court prefers to resolve motions on the merits, the Court will address the substance of VOAIN's Motion to Dismiss.

    **B.**    **VOAIN's Dismissal Arguments**

VOAIN argues that each of Ms. Knox's claims should be dismissed. [Filing No. 13.] The Court will address each of VOAIN's arguments in turn.

    *1.*    *Ms. Knox's Section 1981 Claims (Counts One and Four)*

Regarding Ms. Knox's Section 1981 claims, VOAIN argues that Ms. Knox bears the burden of showing that her race was the but-for cause of her injury, but she has failed to plead any facts in the Complaint that demonstrate a causal link between her race or a protected activity and her termination, except for a conclusory statement that she was "terminated due to her race." [Filing No. 13 at 5-7.]

Section 1981 ensures that "all persons . . . shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a); *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 140 S. Ct. 1009, 1014 (2020). The term "make and enforce contracts" encompasses "the making, performance, modification, and

termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship," including employment contracts. 42 U.S.C. § 1981(b); *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 455 (2008). Ms. Knox alleges that VOAIN violated Section 1981 both by terminating her due to her race ("Count One") and by terminating her for engaging in a protected activity ("Count Four"). [Filing No. 1.]

As a general rule, a complaint must contain "sufficient factual matter" to state a facially plausible claim to relief—one that "allows the court to draw the reasonable inference" that the defendant committed the alleged misconduct. *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'Plausibility' is not a synonym for 'probability' in this context, but it asks for 'more than a sheer possibility that a defendant has acted unlawfully.'" *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016) (quoting *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015)). Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. (quoting *Twombly*, 550 U.S. at 555).

Regarding Count One, the Complaint does not contain sufficient facts to establish a viable racial discrimination claim under Section 1981. In order to bring a racial discrimination claim under Section 1981, Ms. Knox must state facts which show that: (1) she is a member of a racial minority, (2) VOAIN had an intent to discriminate on the basis of her race, (3) the discrimination concerned the making or enforcing of a contract, and (4) race was the but-for cause of her injury.[2]

---

[2] Section 1981 and Title VII offer "two separate methods to challenge an employer's intentional discrimination." *Walker v. Abbott Lab'ys*, 340 F.3d 471, 474 (7th Cir. 2003) (citing *Runyon v. McCrary,* 96 S. Ct. 2586 (1976)). While race discrimination claims under Section 1981 require showing that race was a but-for cause of the Plaintiff's injury, race discrimination claims under Title VII "simply require that race be a 'motivating factor in the defendant's challenged employment decision.'" *Lewis v. Indiana Wesleyan Univ.*, 36 F.4th 755, 759 (7th Cir. 2022) (quoting *Comcast Corp.*, 140 S. Ct. at 1017).

*Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006); *Comcast Corp*, 140 S. Ct. at 1014.

While the Complaint includes the conclusory allegation that Ms. Knox "was terminated due to her race," the Complaint provides no additional detail on any interactions, situations, or comments which suggests a causal relationship between Ms. Knox's termination and her race. [Filing No. 1.] Instead, the Complaint focuses almost entirely on Ms. Knox's disability and the presence of "[s]imilarly situated non-disabled individuals " who were not terminated. [Filing No. 1 at 3.] While the Complaint contains information about Ms. Knox's interactions with coworkers and her comments to management regarding her disability, it does not contain similar allegations concerning her race. Accordingly, Ms. Knox has failed to plead enough facts to allow for a plausible inference that her termination was connected to her race. *See Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022)

Regarding Count Four, the Complaint similarly does not contain sufficient facts to establish that Ms. Knox was terminated in retaliation for her participation in a protected activity related to her race. A retaliation claim under Section 1981 requires a plaintiff to plead: (1) a statutorily protected activity; (2) a materially adverse action taken by VOAIN; and (3) a causal connection between the two. *Shott v. Katz*, 829 F.3d 494, 497 (7th Cir. 2016) (citing *Davis v. Time Warner Cable of Se. Wisconsin, L.P.*, 651 F.3d 664 (7th Cir. 2011)). The Complaint states that Ms. Knox "complained to her supervisor about how she felt she was being targeted due to her disability" and that she "expressed her frustration to management that the non-disabled employee had called off numerous times and had multiple no-call no-shows and was still allowed to leave early." [Filing No. 1 at 2.] However, Ms. Knox does not allege that either of these activities relate to her race, or that she undertook any other form of protected activity related to her race. Accordingly, Ms. Knox

has failed to connect the dots between her termination and any protected activities related to her race.

In sum, Ms. Knox has failed to plead sufficient information to support a viable claim for discrimination or retaliation under Section 1981. Although a plaintiff "need not plead detailed factual allegations to survive a motion to dismiss, she still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate." *Bell v. City of Chicago,* 835 F.3d 736, 738 (7th Cir. 2016) (internal quotations omitted). Accordingly, the Court **DISMISSES** Ms. Knox's Section 1981 claims for this additional reason.

2. *Ms. Knox's Title VII Claims (Counts Two and Three)*

Regarding Ms. Knox's Title VII claims, VOAIN argues that a plaintiff cannot bring a claim in a lawsuit that was not alleged in her charge of discrimination to EEOC and Ms. Knox failed to allege any facts related to race discrimination to the EEOC. [Filing No. 13 at 8-9.]

Title VII prohibits status-based discrimination and retaliation in the workplace on the basis of race, color, religion, sex, national origin, sexual orientation, or gender identity. *Bostock v. Clayton Cty., Georgia,* 140 S.Ct. 1731, 1753 (2020); *Univ. of Texas Sw. Med. Ctr. v. Nassar,* 570 U.S. 338, 342 (2013). Title VII also prohibits an employer from retaliating against an employee "on account of [the] employee's having opposed, complained of, or sought remedies for, unlawful workplace discrimination." *Nassar,* 570 U.S. at 342. Ms. Knox has alleged that VOAIN violated Title VII both by terminating her due to her race ("Count Two") and by terminating her for engaging in a protected activity ("Count Three"). [Filing No. 1.]

Prior to asserting a Title VII claim in federal court, a plaintiff must "first exhaust [her] administrative remedies by filing charges with the EEOC and receiving a right to sue letter."

9

*Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019). The plaintiff may then file her complaint including "only those claims that were included in her EEOC charge, or that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Id.* (quoting *Geldon v. S. Milwaukee Sch. Dist.*, 414 F.3d 817, 819 (7th Cir. 2005)). Claims are "reasonably related" when: (1) "there is a reasonable relationship between the allegations in the charge and the claims in the complaint" and (2) "the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994).

This requirement serves as a condition precedent with which all plaintiffs must comply. *Id.* The Seventh Circuit has explained that "allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge." *Id.* Nevertheless, "it is particularly inappropriate to undermine the effectiveness of [anti-discrimination] statutes by dismissing claims merely because the victim of the alleged discrimination failed to comply with the intricate technicalities of the statute." *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 399 (7th Cir. 2019). Accordingly, the failure to check the appropriate box on the EEOC form alone is not enough to exclude the claim if the charge sufficiently describes the discriminatory conduct. *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 168 (7th Cir. 1976).

As with the Complaint presently before the Court, Ms. Knox's EEOC charge focused almost entirely on disability discrimination and did not mention any facts related to race discrimination or retaliation. [Filing No. 13-1.] Additionally, while this fact alone is not dispositive, the Court notes that Ms. Knox further failed to identify race discrimination as a type of discrimination that she experienced in the checkboxes on the EEOC charge. Because race

discrimination allegations were excluded from the EEOC charge, the Court cannot analyze whether there is a "relationship between the allegations in the [EEOC] charge and the claims in the complaint." *Cheek,* 31 F.3d at 501. Accordingly, the Court **DISMISSES** Ms. Knox's Title VII claims for this additional reason

### 3. Ms. Knox's ADA Claims (Counts Five and Six)

The Court now turns to Ms. Knox's remaining claims under the ADA. VOAIN argues that Ms. Knox failed to meet the required pleading standard because she failed to plead any facts "that would indicate more than a 'sheer possibility' that VOAIN discriminated or retaliated against her" in violation of the ADA. [Filing No. 13 at 13-14.]

The ADA prohibits an employer from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Additionally, the ADA "prohibits retaliating against individuals . . . who have engaged in activities protected by the ADA, such as filing a Charge of Discrimination with the EEOC or requesting reasonable accommodations." *Rowlands v. United Parcel Serv. - Fort Wayne*, 901 F.3d 792, 798 (7th Cir. 2018). Ms. Knox alleges that VOAIN violated the ADA both by terminating her due to her disabilities ("Count Five") and by terminating her for engaging in a protected activity ("Count Six"). [Filing No. 1.]

ADA discrimination claims typically fall under two theories: (1) failure to provide reasonable accommodations; or (2) disparate treatment. 42 U.S.C. § 12112. Mr. Knox's Complaint does not allege that VOAIN failed to provide reasonable accommodations but, instead, focuses on her alleged disparate treatment. [Filing No. 1 at 4.] In order to bring a claim for disparate treatment under the ADA, a plaintiff must establish that: (1) she was disabled; (2) she

11

was otherwise qualified to perform essential functions with or without reasonable accommodation; and (3) disability was the "but for" cause of the adverse employment action. *Castetter v. Dolgencorp*, LLC, 953 F.3d 994, 996 (7th Cir. 2020) (citing *Scheidler v. Indiana*, 914 F.3d 535, 541 (7th Cir. 2019)).

Here, Ms. Knox has alleged that she is disabled due to asthma, lupus, and chronic pain; that she performed her job "well" and "never received any discipline or write up" from VOAIN; and that she was terminated for conduct that comparable non-disabled employees were not terminated for. [Filing No. 1 at 1-3.] Ordinarily, this would be enough to survive a motion to dismiss. However, "[w]hen presented with a motion to dismiss, the non-moving party must proffer some legal basis to support [her] cause of action." *Cnty. of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 818 (7th Cir. 2006), as amended (Apr. 11, 2006) (quoting *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995).) (internal quotations omitted).  Here, Ms. Knox has failed to do so, and this failure operates similarly to a default judgment. *Kirksey,* 168 F.3d at 1041. Accordingly, the Court finds that Ms. Knox's ADA discrimination claim is properly dismissed.

The Court now turns to Ms. Knox's disability retaliation claim.  To succeed on a retaliation claim, Ms. Know must show that: (1) she engaged in protected activity; (2) she suffered an adverse action; and (3) "there was a 'but for' causal connection between the two*." Parker v. Brooks Life Sci., Inc*., 39 F.4th 931, 936 (7th Cir. 2022).  "A protected activity can include some step in opposition to a form of discrimination protected under the statute, and the employee needs only a good-faith and reasonable belief that the conduct she is opposing is unlawful." *Owens v. Old Wis. Sausage Co., Inc.*, 870 F.3d 662, 668 (7th Cir. 2017).  An adverse action in the retaliation context is "one which might well have dissuaded a reasonable worker from engaging in protected activity." *Robinson v. Perales*, 894 F.3d 818, 830 (7th Cir. 2018).

The Complaint does not explicitly state which protected activity Ms. Knox engaged in but references that Ms. Knox complained to her supervisor that she felt targeted due to her disability. [Filing No. 1 at 2.]  Alternatively, the Complaint describes a conversation that Ms. Knox had with VOAIN management in which she "expressed her frustration" that a non-disabled employee was permitted to leave early, but she was not.  [Filing No. 1 at 2.]  However, Ms. Knox does not allege that her ultimate termination was a reaction to either conversation with her supervisor.  Given that no other facts would allow the Court to draw the reasonable inference that VOAIN is liable for the misconduct alleged, Ms. Knox's claim for retaliation under the ADA (Count Six) fails.  As the Seventh Circuit has explained:

> all [courts] can do is remind litigants, including those who find themselves having to proceed *pro se*, that it is not enough for a complaint to allege labels and conclusions without providing facts—some short, plain, and plausible factual narrative that conveys 'a story that holds together.'  A litigant's best shot at stating a plausible employment discrimination claim is to explain, in a few sentences, how she was aggrieved and what facts or circumstances lead her to believe her treatment was because of her membership in a protected class.

*Kaminski*, 23 F.4th at 777–78 (internal citations omitted).  Here, Ms. Knox's ADA retaliation claim fails for want of the "*because of* allegation."  *Id.* at 778 (emphasis original).

For these reasons, Ms. Knox's ADA claims are **DISMISSED**.

## IV.
### CONCLUSION

For the foregoing reasons, VOAIN's Motion to Dismiss, [12], is **GRANTED**. Ms. Knox's claims against VOAIN are **DISMISSED WITH PREJUDICE**.[3] Final judgment shall enter accordingly.

Date: 8/22/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**

**Distribution via U.S. mail to:**
NATALIE KNOX
5947 Coquina Key Dr., Apt. D
Indianapolis, IN 46224

---

[3] Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), a plaintiff may amend her Complaint as a matter of course in response to a motion to dismiss. *Brown v. Bowman*, 2011 WL 1296274, *16 (N.D. Ind. 2011). The 2009 notes to that rule emphasize that this amendment "will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion." Here, Ms. Knox chose to neither revise her allegations nor respond to VOAIN's Motion to Dismiss. As the Seventh Circuit has recognized, "[o]nce a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party cannot decide for itself when it feels like pressing its action and when it feels like taking a break." *In re Nora*, 417 F. App'x 573, 575 (7th Cir. 2011) (quoting *GCIU Emp. Ret. Fund v. Chicago Trib. Co.*, 8 F.3d 1195, 1198–99 (7th Cir. 1993)) (internal quotations omitted). The Court is not required to give Ms. Knox another chance to plead her claims, and, in its discretion, the Court dismisses those claims with prejudice.